IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE DENNIS WAINWRIGHT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:15-cv-639-GMB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner"). The Commissioner contends that the complaint filed by Plaintiff George Dennis Wainwright, Jr. ("Wainwright") is due to be dismissed because it was not timely filed. On January 5, 2016, the court entered an order directing Wainwright to show cause as to why the Commissioner's motion should not be granted. *See* Doc. 19. Wainwright, who is represented by counsel, did not respond to the court's show cause order, and the deadline to respond has passed. Accordingly, after a thorough review of the complaint, the Commissioner's unopposed motion, and the relevant law, the court finds that the Commissioner's motion (Doc. 18) is due to be GRANTED.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and Local Rule 73.1 of the Middle District of Alabama's Local Rules, the parties have consented to have the undersigned United States Magistrate Judge conduct all proceedings through the entry of a final judgment in this case. Docs. 16 & 17.

## I. STANDARD OF REVIEW

Arguing that Wainwright's complaint is time-barred, the Commissioner seeks to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, or in the alternative for a summary judgment in the Commissioner's favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Matters outside the pleadings have been presented and considered by the court—specifically, the Declaration of Patrick J. Herbst (Doc. 18-1 at 1–4), the Notice of Decision−Unfavorable (Doc. 18-1 at 5–19), the Notice of Appeals Council Action (Doc. 18-1 at 20–22), and the letter from the Appeals Council granting Wainwright an additional thirty days to file his appeal (Doc. 18-1 at 26). Thus, the court will treat the Commissioner's motion as one for summary judgment rather than as a motion to dismiss.[2]

Summary judgment is appropriate "if the movant shows that there is no genuine

---

[2] Because the Commissioner's motion was made, from the outset, as an alternative motion for summary judgment, there is no question that all parties are on notice that the court may treat the motion as one for summary judgment. The parties are also represented by counsel who "can be presumed to appreciate the need to file affidavits or other responsive materials and of the consequences of default." *Howell v. Dep't of the Army*, 975 F. Supp. 1293, 1297 (M.D. Ala. 1997) (internal quotations omitted). "Additional or special protective notice is therefore not required before the court may proceed to treat the motion as one for summary judgment." *Id.*

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  However, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment would be inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.  FACTS

On December 19, 2013, an administrative law judge ("ALJ") issued a decision denying Wainwright's claims for a period of disability and for disability insurance benefits. Doc. 18-1 at 5–19.  Wainwright requested review of the ALJ's decision by the Appeals Council, and that request was denied on February 23, 2015. Doc. 18-1 at 20–22. The Appeals Council's denial letter informed Wainwright that there was "no reason under our rules to review" the ALJ's decision and that the ALJ's decision "is the final decision of the Commissioner of Social Security in your case." Doc. 18-1 at 20.  In a section entitled "Time to File a Civil Action," the Appeals Council's letter further informed Wainwright:

- You have 60 days to file a civil action (ask for court review) [of the ALJ's decision].

- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.

Doc. 18-1 at 21–22.³ On July 29, 2015, Wainwright requested and received a thirty-day extension of time to file an appeal in this court. Doc. 18-1 at 26.

Combining thirty days with the presumed five days for receipt of the Appeals Council's letter granting the extension, the deadline for Wainwright to file a civil action in this court was September 2, 2015. Wainwright filed his complaint on September 3, 2015. *See* Doc. 1.

### III. DISCUSSION

A lengthy discussion addressing the merits of the Commissioner's motion is not necessary, as there is no dispute that Wainwright did not timely file his claims in this court. "Congress provided that disappointed [Social Security] claimants must file suit in district court within sixty days (unless extended by the Secretary) in order to obtain judicial review." *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985). The date of receipt is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210(c). "The 60-day time limit is strictly enforced and claims filed even one day beyond the deadline have been dismissed as untimely." *Madry v. Colvin*, No. 8:13-cv-312-T-23-DNF, 2013 WL 5408088, at *3 (M.D. Fla. Sept. 25, 2013) (internal quotations omitted).

The ALJ's decision in Wainwright's case was made on December 19, 2013, and the Appeals Council denied review of that decision on February 23, 2015, making the ALJ's decision final. Doc. 18-1. Wainwright received a thirty-day extension on July 29,

---

³ Both the ALJ's decision and the Appeals Council's denial letter were mailed to Wainwright and his non-attorney representative. Docs. 18-1 at 7 & 22. There is no evidence before the court indicating these letters were not received by Wainwright.

2015. Doc. 18-1 at 26. Wainwright has not presented any arguments that his filing deadline should be equitably tolled, nor does the record reflect tolling would be justified.[4] As a result, Wainwright had thirty-five days from July 29, 2015—or until September 2, 2015—to file the instant action. Because Wainwright did not file his complaint until September 3, 2015, his claims are untimely and must be dismissed. *See Madry*, 2013 WL 5408088 at *3−4 (dismissing a social security appeal filed in district court one day past the deadline because "Plaintiff did not file his Complaint within the 60 plus 5 day mailing time period, failed to request an extension of time, and failed to present any arguments as to equitable tolling"); *Christides v. Comm'r.*, 478 Fed. App'x 581 (11th Cir. 2012).

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Carolyn W. Colvin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) is hereby GRANTED, and Plaintiff George Dennis Wainwright, Jr.'s complaint is DISMISSED WITH PREJUDICE.

A separate final judgment will be issued in accordance with this Memorandum Opinion and Order.

DONE this 11th day of March, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE

---

[4] "The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." *Jackson v. Astrue*, No. CA 07-0775-WS-C, 2008 WL 906573, at *2 (S.D. Ala. Apr. 1, 2008) (citing *Bowen v. City of New York*, 476 U.S. 467, 478−80 (1986)).